### CHAPMAN *v.* CHAPMAN.

1. DEPOSITIONS—APPEARANCE—PARTIES—WITNESSES.
   The appearance called for by court rule authorizing party receiving a notice of taking a deposition to tax reasonable expenses actually incurred against moving party when latter fails to appear calls for the appearance by the moving party and his witness (Court Rule No 31, § 2 [1945]).

2. EXECUTORS AND ADMINISTRATORS—NOTICE OF TAKING DEPOSITIONS—TAXATION OF COSTS.
   Whether or not plaintiff, who appears as an administrator, can be held personally liable for costs incident to notice he had given for the taking of an out-of-State deposition is not before the Supreme Court on his appeal from order granting defendant's motion for taxation of such costs when plaintiff's witness failed to appear (Court Rule No 31, § 2 [1945]).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 14 Am Jur, Costs § 55.
[3] 14 Am Jur, Costs § 92.

3. COSTS—BRIEFS.
   No costs in Supreme Court are allowed appellee on affirmance
   of order for defendant, where he filed no brief on appeal.

Appeal from Wayne; FitzGerald (Frank), J. Submitted June 3, 1952. (Calendar No. 45,358.) Decided September 3, 1952.

Action by Edward M. Chapman, administrator of the estate of Marie Chapman, deceased, against Russell Chapman to recover amount alleged to have been loaned to defendant by decedent. On motion of defendant for taxation of reasonable costs incurred as result of notice of taking deposition in the State of New York and for stay of proceeding. Order granting motion. Plaintiff appeals. Affirmed.

*M. Manuel Merzon*, for appellant.

BUTZEL, J. Edward M. Chapman, administrator of the estate of Marie Chapman, deceased, plaintiff, sought to recover $2,500 from Russell Chapman, defendant, which sum plaintiff claims decedent loaned defendant in 1946. Plaintiff claimed that Dorothy Vieau, one of the children of decedent and Edward M. Chapman, was a material witness and gave notice of the taking of her deposition in Syracuse, New York. At the time and place the hearing was noticed for, counsel for both plaintiff and defendant were present and waited for Mrs. Vieau to appear. She sent word that she would not appear at any time so the deposition was not taken. Plaintiff claims that he had no idea that Mrs. Vieau would refuse to testify.

Defendant moved to tax costs in accordance with Court Rule No 31, § 2 (1945), and the motion was granted. The rule reads as follows:

"When due notice of taking a deposition is given, and the party giving such notice fails to appear, or, having taken such deposition, fails to file the same, all reasonable expenses actually incurred by the party receiving such notice by reason thereof shall be taxed by the court on motion, and the payment thereof shall be a condition precedent to such party proceeding with his cause of action or defense."

Plaintiff contends that his appearance at the time and place noticed for the taking of deposition was a legal appearance; that the failure of the witness to appear was due to causes beyond his control and not chargeable to him; that there was consequently no reason for the costs incurred by defendant through sending his attorney to attend the taking of the deposition to be taxed against him. We find, however, that for the purposes of the court rule a legal appearance means an appearance by the moving party and his witness.

It will be noted that Edward M. Chapman, as administrator and not individually, is the plaintiff. Whether he can be held personally liable or not is not before us. The order entered provides that no further proceedings shall be taken in the cause until the costs have been paid. The court allowed $348.75 costs for legal fees in connection with the preparation of questions, travel expenses and attendance in Syracuse, New York. No question is raised as to the reasonableness of these fees. The order was entered in accordance with the rule heretofore quoted. We find no error.

The order is affirmed, but without costs in this Court, as appellee filed no brief.

DETHMERS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.